Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| IRMA JUDITH DÍAZ HERNÁNDEZ<br><br>Recurrida<br><br>v.<br><br>ENRIQUE FERNANDO DÍAZ HERNÁNDEZ<br><br>Peticionario<br><br>v.<br><br>FARMACIA MORELL CORP.<br><br>Recurrida | TA2025CE00632 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de HATILLO<br><br>Caso Núm.:<br>QU2022CV00076<br><br>Sobre:<br>División o Liquidación de la comunidad de Bienes Hereditarios |

Panel integrado por su presidente el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.[1]

Mateu Meléndez, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 4 de diciembre de 2025.

El 16 de noviembre de 2025, el Sr. Enrique Fernando Díaz Hernández (señor Díaz o peticionario) acudió ante este Tribunal de Apelaciones mediante recurso de *certiorari*. Allí, nos solicita la revocación de la *Orden* dictada en la causa de epígrafe el 29 de julio del año en curso. Por virtud del aludido dictamen, el Tribunal de Primera Instancia, declinó la solicitud de desestimación al Amparo de la Regla 10.2 de Procedimiento Civil que este presentó sobre la reconvención presentada por Farmacia Morell Corp. en su contra.

Estudiado el legajo apelativo, procedemos a resolver.

---

[1] Mediante OATA-2025-209 del 21 de octubre de 2025 se modifica la composición del Panel Especial.

**-I-**

El pleito de autos comenzó con la presentación de una *Demanda* sobre partición de herencia que Irma Judith Díaz Hernández (en adelante Díaz Hernández) sometió contra el peticionario. Allí, alegó que la Sra. Judith Hernández Pumarejo- madre de las partes- falleció intestada el 1ro de enero de 2003, sobreviviéndole en ese momento sus hijos y su viudo. Estos fueron declarados únicos y universales herederos de la causante. También, se señaló que posteriormente, el padre de ambos, Enrique Fernando Díaz Soto, falleció el 3 de abril de 2014. Se informó que, en el año 2012, el causante otorgó un testamento mediante el cual distribuyó su caudal. Así pues, y por no interesar continuar en comunidad hereditaria, Díaz Hernández solicitó al tribunal a que nombrara un contador partidor y ordenara la división de los bienes hereditarios.

El 13 de abril de 2023, el señor Díaz presentó *Contestación a la Demanda y Reconvención*. Al hacerlo, afirmativamente alegó que la partición de herencia debía tomar en consideración que quedaba pendiente de liquidarse la Sociedad Legal de Gananciales compuesta por sus progenitores, la nulidad total o parcial del testamento de su padre, Enrique Fernando Díaz Soto y los efectos que el control por parte de Díaz Hernández tuvo sobre la corporación Farmacia Morell Corp.

En cuanto a su reconvención, el señor Díaz alegó que en vida sus padres operaron un negocio bajo nombre ficticio o d/b/a conocido como Farmacia Morell. Añadió, que luego del fallecimiento de su padre, descubrió que se había incorporado una corporación llamada Farmacia Morell, Corp., para operar el negocio. Según el peticionario, la entidad jurídica ha operado desde el año 2012 como si fuera el negocio de sus padres, no se le brindó participación alguna en el negocio y es Díaz Hernández quien tiene el control absoluto del mismo, beneficiándose unilateralmente de sus ganancias. Por esto, entre otros remedios, pidió se

le recompensara por el enriquecimiento injusto que ha ocurrido en el caso. El 19 de mayo de 2023, el peticionario instó *Demanda contra Tercero* para incluir como parte a la entidad Farmacia Morell, Corp. (Farmacia Morell). Como parte de los remedios allí solicitados, incluyó una petición para que se descorriera el velo corporativo.

Farmacia Morell solicitó la desestimación de la causa de acción incoada en su contra. Inicialmente, el TPI concedió la desestimación, más luego reconsideró su decisión.[2] Así las cosas, el 31 de enero de este año, sometió *Contestación a la Demanda y Reconvención*.[3] En lo pertinente, en su reconvención en la que, a modo de sentencia declaratoria, como primera causa de acción solicitó al TPI que resolviera que en virtud del Artículo 1855 del Código Civil de 1930 había adquirido por usucapión todos los bienes muebles del d/b/a, que operó Enrique Fernando Díaz Soto, al haber estado en posesión de estos en calidad de dueño y de manera pacífica durante seis (6) años.[4]

El 28 de febrero de 2025, el peticionario presentó *Moción en Solicitud de Desestimación bajo la Regla 10.2 o Exposición Más Definida Bajo la Regla 10.4*. Allí, alegó que la reconvención sometida por Farmacia Morell no cumplía con el elemento de plausibilidad, por lo que debía ser desestimada. Similar incumplimiento le imputó a su solicitud de sentencia declaratoria, así como a la cesión y a la prescripción adquisitiva que alegó ocurrió. Además, reclamó falta de legitimación activa para solicitar remedio alguno sobre los bienes hereditarios. Aparte, señaló que las alegaciones de la reconvención sometida por Farmacia Morell eran ambiguas, por lo que le solicitó al foro primario que le ordenara a ésta a exponer de forma más detalladas sus alegaciones.[5]

---

[2] SUMAC-TPI, Entradas Núm. 60, 90, 135, 144 y 198.
[3] *Íd.*, Entrada Núm. 218.
[4] SUMAC-TPI, Entrada Núm. 218.
[5] SUMAC-TPI, Entrada Núm. 230.

El 11 de abril de 2025, el señor Díaz solicitó que su moción fuera acogida sin oposición. Cuatro días más tarde, Farmacia Morell presentó su oposición a la desestimación solicitada por el peticionario. Al hacerlo, afirmó que su escrito cumplía cabalmente con todos los requisitos y en apoyo de esto, citó los casos de *Costas Elena v. Magic Sport Culinary Corp.*, 213 DPR 523 (2024) y *González Hernández v. González Hernández*, 181 DPR 746 (2011).[6]

El 30 de julio de 2025, el TPI dictó la orden recurrida en la que se negó a desestimar la reconvención, ordenándole a contestarla en 15 días. Inconforme, el peticionario solicitó reconsideración, más fue declarada No Ha Lugar mediante *Resolución sobre Reconsideración.* En desacuerdo aun, instó el recurso de epígrafe y señaló la comisión de los siguientes errores:

> **Primer Señalamiento de Error**: Erró el TPI al no desestimar la causa de acción de usucapión que presentó la Corporación en nombre del Causante, Sr. Enrique Fernando Díaz Soto (Q.D.E.P.), por ésta, la Corporación, carecer de legitimación activa, al no ser parte de la sucesión del causante Díaz.
>
> **Segundo Señalamiento de Error**: Erró el TPI al no desestimar la causa de acción de cesión reclamada por la corporación al no establecer un solo hecho demostrativo que le acredite el derecho que reclama.
>
> **Tercer Señalamiento de Error**: Erró el TPI al no desestimar la Reconvención por la falta de plausibilidad de la causa de acción de usucapión por parte de la corporación por estar carente de hechos demostrativos de su reclamación de usucapión.
>
> **Cuarto Señalamiento de Error**: Erró el TPI al declarar "No ha Lugar" la solicitud de exposición más definida del Peticionario no habiendo hechos en la Reconvención que tiendan a acreditar las diversas causas de acción que surgen en la Reconvención, es decir, no hay hechos alegados en la Reconvención que demuestren cuáles acciones y qué personas a nombre de la Corporación dan paso a la usucapión alegada, no hay hechos alegados de "tiempo y lugar" que tiendan a apoyar la causa de acción de usucapión, y tampoco hay hechos alegados que tiendan a apoyar la causa de acción de que el causante, Sr. Díaz, le cedió a la Corporación gran parte de su caudal.

Atendido el recurso, le ordenamos a las demás partes a comparecer y someter su posición. En cumplimiento con ello, el 2 de noviembre de 2025, compareció Farmacia Morell y expuso las razones por las cuales a su

---

[6] SUMAC-TPI, Entrada Núm. 235.

entender debemos denegar el recurso. Así pues, con el beneficio de su comparecencia, damos por sometido el asunto y procedemos a resolver, no sin antes exponer la normativa legal aplicable.

**-II-**

*-A-*

El vehículo procesal de *certiorari* permite a un tribunal de mayor jerarquía a revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 195 (2023) al citar a *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021) y otros. La característica distintiva del recurso de *certiorari* descansa en la discreción encomendada a este Tribunal de Apelaciones para autorizar su expedición y adjudicar sus méritos. *Íd.* De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023) y casos allí citados. Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd.*

Ahora bien, en los procesos civiles, los preceptos que regulan la expedición de un auto de *certiorari* se encuentran en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. *Rivera et al. v. Arcos Dorados et al.*, *supra*, a la pág. 207-208. La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo." Asimismo, y a manera de excepción, se podrá expedir este auto discrecional cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos

revestidos de interés público o en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia." *Íd.*

De otro lado, el examen de estos autos discrecionales no se da en el vacío o en ausencia de otros parámetros. *800 Ponce de León v. AIG*, 205 DPR 163 (2020). Para ello, la Regla 40 de nuestro Reglamento establece ciertos indicadores a tomar en consideración al evaluar si se debe o no expedir un recurso de *certiorari*.[7]

Los criterios previamente transcritos pautan el ejercicio sabio y prudente de la facultad discrecional judicial. *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019).

*B.*

Nuestro ordenamiento jurídico permite que un demandado solicite la desestimación de la reclamación judicial instada en su contra cuando de las alegaciones de la demanda surja que alguna defensa afirmativa derrotará la pretensión del demandante. *Rodríguez Vázquez v. Hospital Español Auxilio Mutuo*, 2025 TSPR 55, 215 DPR ____. Es por esta razón que puede solicitarse la desestimación total de la reclamación al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V R. 10.2. Esto puede hacerse inclusive, antes de contestar la demanda. *Íd.* Conforme la mencionada regla, podrá solicitarse la desestimación de un pleito cuando se alegue: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación

---

[7] Así pues, según la citada regla, estos indicadores son: si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho; si la situación de hechos planteada es la más indicada para el análisis del problema; si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia; si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados; si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración; si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; o si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

que justifique la concesión de un remedio, y (6) dejar de acumular una parte indispensable. *Íd.*

En cuanto a la evaluación de un escrito de esta naturaleza, en innumerables ocasiones el Tribunal Supremo de Puerto Rico ha establecido que los tribunales tienen que tomar como ciertos todos los hechos bien alegados en la demanda y considerarlos de la manera más favorable a la parte demandante. Así pues, para que una moción de desestimación pueda prosperar, tiene que demostrarse certeramente que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que se pueda probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor. *Inm. Baleares et al v. Benabe et al*, 214 DPR 1109, 1128 (2024).

### -III-

No albergamos duda de que el *certiorari* es el vehículo adecuado para atender la cuestión planteada. Ello así, pues esta trata sobre la denegatoria de una moción dispositiva frente a la reconvención que Farmacia Morell presentó contra el peticionario. En virtud de ello, y con el fin de determinar si procede la expedición de este recurso discrecional es preciso acudir a lo dispuesto en la Regla 40 de nuestro Reglamento.

Establecido lo anterior, y en cuanto a los méritos de la controversia, luego de una evaluación pormenorizada del expediente al amparo del derecho aplicable arriba consignado, determinamos denegar la expedición del auto de *certiorari* solicitado por la peticionaria. Los argumentos de la peticionaria no nos persuaden a ejercer nuestra función revisora discrecional e intervenir con el dictamen recurrido. A nuestro juicio, no se satisfacen los criterios enumerados en la Regla 40 de nuestro Reglamento, *supra*. La decisión recurrida no es contraria a derecho. Por lo tanto, no intervendremos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones